# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Brad Lee Merling, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Andrew M. Saul, Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 6:19-cv-01593-JMC<br><br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 28, 2020. (ECF No. 14.) The Report addresses Plaintiff Brad Lee Merling's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 35.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-27.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 7-3 at 18.) Although the ALJ found Plaintiff had severe impairments that included inflammatory arthritis, degenerative disc disease of the lumbar spine, obesity, generalized anxiety disorder, and major depressive disorder (*Id.* at 66), the ALJ

nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform light work with several additional restrictions (*Id.* at 68).

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on June 3, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded because the ALJ inadequately explained his reasoning at step three, and likewise did not offer sufficient analysis to discount a treating physician's opinions. (ECF No. 14 at 27.) Specifically, the Magistrate Judge found the ALJ failed to explain why Plaintiff's "inflammatory arthritis" did not meet or equal a listed impairment at step three. (*Id.* at 30.) The Magistrate Judge further noted that the ALJ's lack of discussion on this topic prevented the court from "conduct[ing] meaningful review of the ALJ's listing analysis." (*Id.*) The Magistrate Judge similarly reasoned the ALJ failed to properly assess Plaintiff's treating physician, finding that, "apart from a conclusory reference to inconsistencies in the record, a review of the ALJ's decision includes no indication that the factors set forth in the regulations for evaluating medical source statements were considered in affording [the treating physician] little weight." (*Id.* at 33.) Lastly, the Magistrate Judge did not address Plaintiff's remaining allegations of error, but instead observed such claims would be reconsidered and reevaluated by the ALJ in light of remand. (*Id.* at 35.)

On April 28, 2020, the parties were apprised of their opportunity to file specific objections

to the Report. (*Id.* at 36.) On April 30, 2020, the Commissioner informed the court he would not offer objections. (ECF No. 16.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

## III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 14 at 27-35.) The

Commissioner notified the court he will not file objections (ECF No. 16) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 21, 2020
Columbia, South Carolina

4